Filed 12/2/22  P. v. Craig CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079367 |
| v. | (Super.Ct.No. FSB044115) |
| CHRISTOPHER CRAIG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

1

Defendant and appellant Christopher Craig appeals the San Bernardino County Superior Court's denial of his petition for resentencing made pursuant to section 1385 of the Penal Code.[1]  We affirm.

## BACKGROUND

In 2004, the People filed an information against defendant and two codefendants. The charges involving defendant consisted of ten counts of robbery with enhancements for firearm use and arming, and five of the counts included an enhancement for defendant's personal use of a firearm (§§ 211, subd. (a), 12022, subd. (a)(1), 12022.53, subd. (b)), and a prior strike for false imprisonment (§ 236).

Defendant admitted the strike, and pled guilty to all ten counts of robbery, three of the ten arming enhancements, and the five personal use enhancements.  In September 2005, the court sentenced defendant to a total of 29 years in state prison.  As to the principal count of robbery, it imposed the mid-term of three years, doubled due to the prior strike, plus the upper term of ten years for the firearm enhancement.  As to five counts of robbery, the court imposed one-year consecutive terms, doubled, and imposed one-year arming enhancements as to three of those counts.  As the to four remaining robbery counts, the court sentenced defendant to one-third the midterm (total of two years) for one of the violations and six years for each of the remaining three counts, all to run concurrently.  It also imposed but stayed a three year and four months term on one of

[1] All further statutory references are to the Penal Code.

2

the firearm enhancements, and a total of 12 years on three other enhancements that were to run concurrently. Defendant did not appeal the judgment.

In 2021, the Legislature amended section 1385 to add subdivision (c). (Sen. Bill No. 81 (Stats 2021, ch. 721, § 1, 2021-2022 Reg. Sess.).) The subdivision, which applies to all sentencings occurring after the provision's effective date of January 1, 2022, requires the trial court to dismiss an enhancement if it makes a discretionary finding that dismissal would further the interests of justice unless the dismissal would violate any initiative statute or would endanger public safety. (§ 1385, subd. (c)(1), (2), (7).)

In April 2022, defendant filed a petition pursuant to subdivision (c) of section 1385 requesting the court to exercise its discretion to dismiss all the enhancements included in his sentence and arguing that, in all events, the court was obliged to dismiss any enhancement that could result in a sentence of over 20 years. He also urged the trial court to interpret section 1385 to permit dismissal of the portion of his sentence imposed pursuant to the three-strikes law.

The trial court summarily denied the petition without appointment of counsel or response from the People and without mention of subdivision (c)(7). It found a reduction in sentence would not serve the interests of justice because defendant had already received the benefit of a reduced sentence, he had been convicted of 10 violent felonies, and his personal use of firearms in the commission of the offenses endangered public safety. Defendant appealed.

3

## DISCUSSION

Defendant's appointed appellate counsel has filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. He requests us to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

Counsel suggests four potentially arguable issues: (i) whether subdivision (c) of section 1385 should be applied retroactively to defendant; (ii) whether the trial court erred in denying defendant's petition without any information concerning his current risk for danger to public safety; (iii) whether defendant is entitled to a new hearing because the trial court's minute order denying the petition included an incorrect statement that defendant avoided a substantially longer prison term because, pursuant to the plea agreement, the People "dismissed" multiple counts of robbery and personal use of a firearm enhancements; (iv) whether defendant is entitled to a new hearing so his request to dismiss his prior strike under section 1385, subdivision (a) can be "squarely considered."

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Although we are not required to independently review the record for potential errors in a postjudgment appeal, we exercised our discretion to do so in keeping with our opinion in *People v. Griffin* (Nov. 14, 2022, E079269) ___ Cal.App.5th ___. We found no arguable issues.

4

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

McKINSTER
J.

FIELDS
J.

5